■ CITIBANK (N.Y.S.), Respondent, v JOSEPH GORGONI et al., Appellants. [607 NYS2d 791] —Order unanimously affirmed without costs. Memorandum: The court properly granted summary

judgment to plaintiff in this foreclosure action. There is no merit to defendants' contentions that plaintiff waived its right to declare a default of defendants' mortgage and should be estopped from declaring a default. The evidence establishes that, although plaintiff agreed to a workout plan with defendants in August 1991 whereby defendants were permitted to make slow payments on their mortgage as long as the delinquency did not exceed 90 days, plaintiff effectively withdrew that arrangement in November 1991 when defendants did not bring the delinquency within the 90-day period. Plaintiff clearly gave notice of the withdrawal of its waiver of the right to declare a default when it demanded payment of all delinquencies in November 1991, January 1992 and February 1992 (cf., Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 184, rearg denied 57 NY2d 674).

Plaintiff is not estopped from declaring a default because defendants' reliance on the workout arrangement after November 1991 was misplaced. Plaintiff did nothing after it demanded payment of all delinquencies to indicate that the workout arrangement was still in effect.

There is no merit to the defense that defendants offered to pay the full delinquency prior to acceleration of the mortgage. The evidence establishes only that defendants offered to bring the delinquency to 30 days.

The 1989 consolidation agreement "modified, consolidated and combined" a 1986 note and another mortgage and provided the terms of default, and thus plaintiff was not bound by the default provisions of the 1986 note.

Defendants' remaining defenses and counterclaims based on fraud, negligence, breach of fiduciary duties, breach of covenant of good faith and fair dealing, prima facie tort and deceptive acts were properly dismissed. Defendants set forth no facts that establish that plaintiff acted improperly in its dealings with defendants. (Appeal from Order of Supreme Court, Onondaga County, Reagan, J.—Summary Judgment.) Present—Callahan, J. P., Pine, Fallon, Doerr and Davis, JJ.